**Darren Anthony JOSEPH,
Petitioner–Appellant,**

v.

**A.P. KANE; Ben Curry, Respondents–
Appellees.**

No. 07–15224.

United States Court of Appeals,
Ninth Circuit.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 11, 2009.*

Filed Feb. 18, 2009.

Darren Anthony Joseph, Soledad, CA, pro se.

Catherine A. Rivlin, Esq., AGCA—Office of the California Attorney General, Oakland, CA, for Respondents–Appellees.

Before: D.W. NELSON, W. FLETCHER and TALLMAN, Circuit Judges.

## MEMORANDUM **

Darren Anthony Joseph appeals the District Court's denial of his petition for writ of habeas corpus challenging his conviction. We affirm.

"A district court's decision to grant or deny a petition for habeas corpus under 28 U.S.C. § 2254 is reviewed de novo." *Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000). Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petition "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Under the Sixth Amendment, a criminal defendant has the right to effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "First, the defendant must show that counsel's performance was deficient." *Id.* at 687, 104 S.Ct. 2052. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. 2052. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

## A. *Failure to Impeach*

■ The California Court of Appeal's conclusion that the decision to forego attacking Leslie Mulvey's credibility was competent was not objectively unreasonable. Vaughn specifically stated that he chose to forego cross-examination on these matters because Mulvey presented a "compelling story" that the jury "in all likelihood embraced." In light of the jury's reaction to her testimony, Joseph has failed to rebut the presumption that this decision was "sound trial strategy." *Cf. Silva v. Woodford,* 279 F.3d 825, 852 (9th Cir.2002) (finding the failure to impeach witness with prior motorcycle accident "a reasonable tactical decision" where accident could have generated sympathy for the witness).

## B. *Failure to Investigate*

■ "[C]ounsel has a duty to make reasonable investigations or to make a rea-

sonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052. Because Vaughn was entitled to rely on the prior investigation requests, *see LaGrand v. Stewart,* 133 F.3d 1253, 1274 (9th Cir. 1998), interviewed the witnesses Joseph had asked him to call, and was aware of the nature of the prior convictions, Vaughn was not deficient. *See Riley v. Payne,* 352 F.3d 1313, 1318 (9th Cir.2003) ("[C]ounsel need not interview every possible witness to have performed proficiently."). Joseph has also failed to demonstrate prejudice.

## C. *Failure to Call Barrett*

As a threshold matter, there is no evidence in the record as to the precise content of Barrett's testimony. Vaughn did speak to Barrett, and appears to have expressly chosen to forego calling him, stating, "as a practical matter, none of these witnesses have any idea why Mr. Joseph went out that morning and brought a knife." Because this is not a case where counsel was unaware of the evidence that he failed to present, and in light of the AEDPA standard of review, Joseph has failed to show either deficiency or prejudice.

**AFFIRMED.**